IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Herbert Alonzo Robinson, ) | Civil Action No.: 8:13-cv-02109-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jill Wilson. Sergeant; Logan Fey; Al ) | |
| Cannon; Chief Lucas; and Stephanie ) | |
| Singleton, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin.[1] Defendants jointly filed a motion to dismiss for failure to state a claim or, in the alternative, a motion for summary judgment pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. ECF No. 28. Plaintiff submitted a timely response to Defendants' motion. In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion to dismiss due to Plaintiff's failure to exhaust his administrative remedies.

Plaintiff, a state prisoner proceeding *pro se*, filed this action in August 2013. Plaintiff alleges that, when he was detained at the Charleston County Detention Center, Defendants, who are officials with the detention center, took his legal materials, denying him access to the courts.[2] On October 23, 2013, Defendants jointly filed a motion to dismiss for failure to state a claim or, in the alternative, a motion for summary judgment, contending that Plaintiff failed to exhaust all of his

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Because the alleged facts are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

available administrative remedies. Specifically, they maintain that the allegations of his complaint indicate that he did not properly appeal his relevant grievances as he was required to do.[3] After having been put on notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the consequences of dispositive motions, Plaintiff timely responded to their motion. The Magistrate Judge then issued her R&R on July 10, 2014, recommending that the action be dismissed on the basis of Plaintiff's failure to exhaust. R&R, ECF No. 43. Plaintiff filed timely objections. Pl.'s Objs., ECF No. 45.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of

---

[3] This Court previously dismissed, *without prejudice*, an action by Plaintiff alleging the *same* claims against the many of the *same* Defendants. The dismissal was for failing to appeal his grievances and thus exhaust them properly. Subsequent to the dismissal, Plaintiff simply requested that two grievances that were at issue in that action (grievance numbers 34523 and 43883) be appealed. *See* ECF No. 12-4 at 16. The detention center's grievance procedures, however, provide a five-day period to appeal an initial grievance. *See Order*, Robinson v. Wilson, No 8:11-cv-02285-RBH, ECF No. 141, at 4 (D.S.C. Aug. 9, 2012).

2

objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends granting Defendants' motion to dismiss. Specifically, the Magistrate Judge reports that Plaintiff failed to appeal his grievance properly and, therefore, to exhaust his administrative remedies properly prior to filing this action. In his objections, Plaintiff contends that he did what he was informed he should do when his previous complaint was dismissed *without prejudice* for failure to exhaust. *See Order*, Robinson v. Wilson, No 8:11-cv-02285-RBH (D.S.C. Aug. 9, 2012). In reviewing the objections, it appears to the Court that Robinson interprets the previous action as "inuendo" that Defendants would waive the exhaustion requirement if he appealed his greivances.

The Prison Litigation Reform Act ("PLRA"), as the Magistrate Judge notes, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. The claims alleged by Plaintiff fall squarely under the PLRA. *See, e.g.*, *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). As noted above, the Court has previously dismissed an identical action by Plaintiff on the basis of his failure to exhaust. The only difference with the action now before the Court is Plaintiff's allegation that he had requested, after the previous action was dismissed, that several of his previous grievances be appealed. It is, however, established that prisoners must follow the procedures in place. *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) ("Proper

exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). The Court has already found that Plaintiff had five days to appeal the grievances. Regardless of whether his appeal was in proper form, it is clear from Plaintiff's allegations that the appeal was months (almost two years, in fact) too late. Accordingly, Plaintiff's objections are without merit.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the motion, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts and incorporates the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (ECF No. 28) is **GRANTED** and that Plaintiff's complaint is **DISMISSED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

July 31, 2014  
Florence, South Carolina